## HUFF v. METROPOLITAN CASUALTY INS. CO. et al.

### No. 7412.

Court of Civil Appeals of Texas. Austin.
Feb. 26, 1930.

R. S. Dorsett, of Raymondville, and F. O. Fuller and E. E. Fuller, both of Houston, for appellant.

Vinson, Elkins, Sweeton & Weems, Lewis N. White, and C. M. Hightower, all of Houston, for appellees.

BLAIR, J.

Appellant sued each of the appellees, Metropolitan Casualty Insurance Company, United States Fidelity & Guaranty Company, and the Maryland Casualty Company, for $500 as statutory damages under article 4979, R. S. 1925, alleging that appellees were sureties for appellant's fidelity as secretary and treasurer of Lyford National Farm Loan Association, and, after canceling said indemnity bond, failed and refused to furnish him with a full statement in writing of the facts upon which the cancellation was based within thirty days after written request. A trial to the court without a jury resulted in a judgment for appellees; hence this appeal upon one assignment of error, adopted as the only proposition submitted, and the material portions of which read as follows:

"That the material and uncontroverted testimony and evidence conclusively show that the defendants and each of them wholly failed and refused to furnish the plaintiff with the full statement in writing of the facts or all the information on which the action of said defendant corporations and each of them was based in the cancellation of the security bond executed by said defendants and covering the plaintiff, within thirty days after due

and written request therefor was made by the plaintiff to each of said defendants, as provided in Article 4979, Revised Civil Statutes of the State of Texas, 1925."

Appellant made application to the Metropolitan Casualty Insurance Company for the insurance. The application was accepted, and the other two appellees were invited to become cosureties, which they did, and executed the bond in question. Later the Metropolitan Insurance Company notified the assured that appellees had to cancel the bond; whereupon appellant wrote them, asking for the reasons upon which they based the cancellation. Appellee Metropolitan Casualty Insurance Company wired and wrote appellant as follows:

"'Re your request November 18 to John L. Wortham & Son our General Agents. Full report basis of cancellation going forward air mail stop. If any information therein contained incorrect will appreciate a full report from you.'

"In order that you may fully know the matters coming to our attention, and have an opportunity to refute the statements made if they are untrue, I submit the following reasons. In answer to the question whether the applicant had ever been suspected of fraud or dishonesty or of any dishonorable act one of your references replied that you had been accused for political reasons but that the charges could not be proved. Another report indicated that you had been sued for nonpayment of certain bills.

"A further report indicated that you had been accused of certain irregularities with regard to the finances of an irrigation company of which you had been secretary and treasurer, that the matter had been brought up in court, and that you were exonerated.

"A further report stated that for several years you had been Tax Collector for the 'Union Irrigation' that when the books were audited you were indicted for embezzlement on four counts; and that the indictments were quashed and you had not been re-indicted.

"Naturally, all companies issuing their fidelity bonds lean toward conservatism. If you wish to submit a full report concerning the matters mentioned above, we would be glad to regard it as confidential, communicating it to our agents only to the extent necessary to make further investigation."

The companies acted together in canceling the bond, and each of the coinsuring companies acquiesced in and consented to the sending of the above letter in reply to appellant's request for information. This joint action was sufficient as to each company. About the only complaint appellant made at the time was that appellees refused to furnish the names of their informers, so that appellant might bring suit against the informers

for damages. In this appellees were not interested, and so informed appellant. The statute only requires that the insurance company furnish a "statement of the facts" and "information" on which the cancellation is based, and the letter quoted above was a sufficient compliance with the statute.

We find no error in the judgment of the trial court, and it is affirmed.

Affirmed.